# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dylan M.,                                                File No. 26-CV-2802 (JMB/LIB)

      Petitioner,

v.

Todd Blanche, *Acting Attorney General*;                **ORDER**
Markwayne Mullin, *Secretary, U.S.
Department of Homeland Security*; David
Venturella, *Acting Director of Immigration
and Customs Enforcement*; David
Easterwood, *Acting Director, St. Paul Field
Office Immigration and Customs
Enforcement*; Sheriff Joel Brott, *Sheriff of
Sherburne County*,

      Respondents.

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Dylan M.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents
Todd Blanche, Markwayne Mullin, David Venturella, and David Easterwood.

This matter is before the Court on Petitioner Dylan M.'s[1] Petition for a Writ of

Habeas Corpus (Petition) under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].)

Respondents Todd Blanche, Markwayne Mullin, David Venturella, David Easterwood

---

[1] This District has adopted a policy of using only the first name and last initial of any
nongovernmental parties in immigration cases.

1

(Federal Respondents), and Joel Brott (together, with the Federal Respondents, Respondents) are named in the Petition. For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1.      Dylan M. is a nineteen-year-old citizen of Mexico who has resided in the United States for approximately ten years. (Pet. ¶¶ 1, 16.)[2]

2.      In 2016, Dylan M. arrived in the United States with his family, who were fleeing rampant violence in Mexico, when he was nine years old. (*Id.* ¶ 16.) When he was inspected and admitted into the country, he had a valid visa. (*Id.*)

3.      Since being admitted into the United States in 2016, Dylan M. has lived in Bloomington, Minnesota, where he recently graduated from high school. (*Id.* ¶ 17.)

4.      Dylan M. has no criminal record; he does not even have a history of any encounters with police officers. (*Id.* ¶ 22.)

5.      On May 22, 2026, Dylan M. was stopped by Bloomington City Police as he and friends left a Walmart store on suspicion that he had walked out of the store holding a single bottle of juice that he had not paid for. (*Id.* ¶ 25; Doc. No. 10 at 2.) There is no evidence in the record concerning what items Dylan M. entered the store holding, no evidence concerning whether he actually left the store without paying for the juice bottle,

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

or whether this action, if it indeed occurred, was something done deliberately or by mistake or accident.

6.      Dylan M. cooperated with police officers, who placed him in handcuffs. (Pet. ¶ 21.)  Bloomington police officers suspected Dylan M. of theft under Minnesota state law, Minn. Stat. § 609.52, subd. 2(A)(1).  The record contains no evidence, however, that Dylan M. was ever actually charged with any criminal offense, and the Court is not aware of any charges related to the suspected juice bottle theft.  (*See* Doc. No. 9-5.)

7.      The Bloomington Police Department notified Immigration and Customs Enforcement (ICE) and Enforcement Removal Operations (ERO) that they had arrested Dylan M. and that they intended to release him.  (Doc. No. 9 ¶ 5; Doc. No. 9-3 at 2.)

8.      An ICE/ERO Assistant Supervisory Detention and Deportation Officer (Deportation Officer) issued a Form I-200 administrative warrant.  (Doc. No. 9 ¶ 6; Doc. No. 9-2.)

9.      A Deportation Officer then transmitted a Form I-247A detainer,[3] along with the Form I-200 warrant, to the Bloomington Police Department.  (Doc. No. 9 ¶ 7; Doc. No. 9-4; Doc. No. 9-3 at 2.)

10.     The Form I-274A detainer form sets forth a checklist, on which an agent of the Department of Homeland Security (DHS) may indicate on what grounds it seeks local

---

[3] "A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of a[] [non-citizen] presently in the custody of that agency, for the purpose arresting and removing the [non-citizen].  The detainer is a request that such agency advise the Department, prior to release of the [non-citizen], in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."  8 C.F.R. § 287.7(a).

law enforcement's cooperation.  (*See* Doc. No. 9-4.)  In Dylan M.'s case, DHS selected the option that Dylan M. "poses a risk to national security, border security, or public safety." (*See id.* at 1.)  DHS did not select the option that Dylan M. "is subject to the detainer provision of the Laken Riley Act and is required to be effectively and expeditiously taken into custody by DHS pursuant to 8 U.S.C. § 1226(c)(3)."  (*Id.*)

11.    Police officers brought Dylan M. to the Bloomington Police Department, where an ICE agent was waiting for him.  (Pet. ¶ 21.)

12.    The ICE agent detained Dylan M. and served him with the Form I-200 warrant.  (Doc. No. 9 ¶ 8.)

13.    ICE brought Dylan M. to the Bishop Henry Whipple building in St. Paul, and then to the Sherburne County Jail.  (Pet. ¶ 21.)

14.    Dylan M. was then served with a Form I-862 Notice to Appear (NTA), by which he was ordered to appear before an immigration judge (IJ) on June 9, 2026.  (Doc. No. 9 ¶ 10; Doc No. 9-1.)  The NTA alleges that Dylan M. is removable, in full, as follows:

> 1. You are not a citizen or national of the United States;
>
> 2. You are a native of MEXICO and a citizen of MEXICO;
>
> 3. You were admitted to the United States at El Paso, Texas on or about August 8, 2016, as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed September 7, 2016;
>
> 4. You remained in the United States beyond September 7, 2016, without authorization from . . . the Department of Homeland Security.

(Doc. No. 9-1 at 1.)

15.    The NTA does not allege that Dylan M. had been arrested for or charged with

4

any criminal offense.  (*See id.*)

16.     In the NTA, the Federal Respondents charge Dylan M. as removable under 8 U.S.C. § 1227(a)(1)(B), for one reason: having "remained in the United States for a time longer than permitted."  (Doc. No. 9-1 at 1.)

17.     On June 2, 2026, Dylan M. filed a Form I-286 Notice of Custody Determination, by which Dylan M. has requested that an IJ review his custody determination.  (Doc. No. 9 ¶ 11; Doc. No. 9-5.)

18.     Dylan M. remains in Respondents' custody at the Sherburne County Jail. (Pet. ¶¶ 1, 21.)

19.     Dylan M. is not subject to final order of removal.  (*Id.* ¶ 16.)

20.     On June 1, 2026, Dylan M. filed his Petition.  (*See* Pet.)

21.     On June 1, 2026, the Court ordered Respondents to file a response to the Petition on June 3, 2026, at  11:00 a.m., which deadline was later extended to June 4, 2026 at 11:00 a.m. upon the Federal Respondents' timely request.  (Doc. Nos. 3, 6, 7.)  The Federal Respondents timely filed a response.  (Doc. No. 8; *see also* Doc. No. 9.)  Brott has not filed a response or otherwise appeared.

## DISCUSSION

In his Petition, Dylan M. argues that his detention violates his substantive and procedural due-process rights under the Due Process Clause of the Fifth Amendment and his right to be free from unlawful seizures under the Fourth Amendment (i.e., that Respondents arrested him without a valid warrant).  (*See* Pet.)  Dylan M. seeks his immediate release from detention and the return of his personal property, among other

5

things. (*See id.* at 21–23.) For their part, the Federal Respondents argue that Dylan M.'s detention is mandatory under the Laken Riley Act, 18 U.S.C. § 1226(c)(1)(E)(ii). (Doc. No. 8.) For the reasons set forth below, the Court grants the Petition in part.[4]

## A. Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

## B. Inapplicability of the Laken Riley Act

Dylan M. disputes the Federal Respondents' assertion that his detention is mandatory due to the application of the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E) (LRA).

---

[4] Dylan M. also argues that his detention violates his statutory rights under the Trafficking Victims Protection Reauthorization Act, 8 U.S.C. § 1232 (TVPRA). In light of the Court's decision to grant the Petition on other grounds, the Court need not address this argument.

The Court agrees for two separate and independent reasons.

First, the mandatory detention provision of the LRA requires satisfaction of two conditions; the first of which is not satisfied on this record.  Specifically, the LRA requires the detention of any non-citizen who

> (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
>
> (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting[5] . . . ,
>
> when the [non-citizen] is released[.]

8 U.S.C. § 1226(c)(1)(E).  The statute also requires that DHS "shall issue a detainer for a[] [non-citizen] described in paragraph (1)(E)" if they are in custody.  *Id.* § 1226(c)(3).

The Federal Respondents overlook subpart (i) and make no argument that Dylan M. is inadmissible under 8 U.S.C. § 1182(a)(6)(A), (6)(C), or (7).  Nor can they.  Section 1182(a)(6)(A) renders inadmissible "[a][] [non-citizen] present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General."  Dylan M. is present in the United States after having been admitted pursuant to a valid visa at a port of entry in El Paso, Texas in 2016.  Thus, section 1182(a)(6)(A) does not bring Dylan M. within the LRA's scope.  Section 1182(a)(6)(C) renders inadmissible individuals who make fraudulent or willful misrepresentations on documents in order to procure admission to the United States.  There

---

[5] The LRA provides that the terms "theft" and "shoplifting" "have the meanings given such terms in the jurisdiction in which the acts occurred."  8 U.S.C. § 1226(c)(2).

7

is no evidence or allegation that this occurred; thus, section 1182(a)(6)(C) also does not bring Dylan M. within the LRA's scope.  Last, section 1182(a)(7) renders inadmissible a non-citizen who applies for admission with a non-valid or expired immigration document. There is no evidence that Dylan M. at any time sought admission using an invalid or expired visa or other document; thus, section 1182(a)(7) does not bring Dylan M. within the LRA's scope.  Because the Federal Respondents have made no showing or argument that both 8 U.S.C. § 1226(c)(1)(E)(i) *and* (ii) apply, the LRA does not apply.

Second, the record before the Court indicates that the Federal Respondents did not actually detain Dylan M. under the provisions of the LRA.  Contrary to the legal argument submitted in their response to the Petition that references the LRA, the actual detainer form used in this case makes no reference to the LRA or to any arrest.  (*See* Doc. Nos. 9-1 at 1, 9-4 at 1.)  Instead, this detainer form identifies only one basis for removal proceedings, 8 U.S.C. § 1227(a)(1)(B), pertaining to person who have "remained in the United States for a time longer than permitted."  (Doc. No. 9-1 at 1.)  Absent some supporting evidence in the record, the Court cannot conclude that the Federal Respondents actually detained Dylan M. pursuant to authority granted them under the LRA.

This, the Court concludes that mandatory detention under the LRA, 8 U.S.C. § 1226(c)(1)(E), does not apply.

## B.    Invalidity of the Form I-200 Administrative Warrant

Because the Court cannot conclude that the LRA—or any other provision of law requiring mandatory detention—applies, the Court concludes Dylan M.'s detention is discretionary pursuant to 8 U.S.C. § 1226(a), and therefore considers Dylan M.'s and the

Federal Respondents' disagreement about whether Dylan M. was brought into DHS custody pursuant to a valid warrant. The Court again agrees with Dylan M.

Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (quotation omitted)). A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest if it is issued "*[a]t the time of issuance* of the [NTA], *or at any time thereafter* and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b) (emphasis added). The NTA is the document or form that initiates removal proceedings. 8 CFR § 239.1. Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

In this case, however, the record presented does not show that the NTA was generated before or at the same time as the Form I-200 warrant; indeed, the sworn affidavit submitted by the Federal Respondents—by an affiant who does not have personal knowledge of when or how the documents were issued or served (*see* Doc. No. 9 ¶¶ 13–16)—affirmatively suggests that the NTA issued *after* the Form I-200 warrant. (Doc. No. 8 at 7–8; Doc. No. 9 ¶¶ 6–10.) Thus, the Court concludes that the Form I-200 warrant was plainly invalid under 8 C.F.R. § 236.1(b)(1), and Dylan M.'s arrest was effected without a required warrant. *See Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927–28, (S.D.

Iowa 2026) (concluding ICE had no authority to arrest petitioner relying on Form I-200 that issued before the NTA); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) (granting petition on grounds that detention under section 1226(a) was unlawful where Form I-200 "was not issued until after [petitioner's] arrest and initial detention"); *see also, e.g.*, *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (concluding DHS's detention of petitioner under section 1226(a) was unlawful because DHS arrested petitioner pursuant to a Form I-200 that was invalid by virtue of being issued prior to issuance of NTA); *Marinero v. Bondi*, No. 26-CV-1007 (JMG), 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("[I]ssuing an administrative warrant after an arrest . . . isn't good enough to trigger § 1226(a).").[6]

Because Dylan M.'s arrest was pursuant to an invalid warrant and therefore unlawful, immediate release is the appropriate remedy.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1.    Respondents are ORDERED to release Petitioner Dylan M. immediately, and in any event no later than 4:00 p.m. CT on June 9, 2026.

---

[6] Respondents make no argument that Dylan M.'s arrest and detention is a warrantless arrest justified by 8 U.S.C. § 1357. Absent some argument, the Court need not address whether a warrantless arrest was justified in this case.

10

2.    On or before <u>11:00 a.m. CT on June 10, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Dylan M.

3.    On or before <u>11:00 a.m. CT on June 10, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4.    Petitioner Dylan M. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5.    To the extent Petitioner Dylan M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  June 8, 2026                                /s/ *Jeffrey M. Bryan*
                                                              Judge Jeffrey M. Bryan
                                                              United States District Court